```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
        CHARLOTTE DIVISION

              3:06-CV-274
```

| | |
|---|---|
| ELAINE L. CHAO,<br>Secretary of Labor,<br>United States Department of Labor,<br>　　　　　Plaintiff,<br>　　v.<br>FEDERAL TEXTILE ENGRAVERS,<br>INC. MARIO E. MEDINA and<br>the FEDERAL TEXTILE<br>ENGRAVERS, INC., PROFIT<br>SHARING PLAN,<br>　　　　　Defendants. | **JUDGMENT** |

This action was brought by Plaintiff, Secretary of Labor, United States Department of Labor ("the Secretary"), against Defendants pursuant to Sections 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(5), of the Employee Retirement Income security Act of 1974, as amended, 29 U.S.C. § 1001 et seq., hereinafter referred to as ERISA. Defendants, Federal Textile Engravers, Inc. ("FTEI") and Mario E. Medina and the Federal Textile Engravers, Inc., Profit Sharing Plan ("the Plan") were served in accordance with Rule 4 of the Federal Rules of Civil Procedure. The Clerk of Court, pursuant to Fed.R.Civ.P. 55(a), entered Default as to Defendants. The Plaintiff has now moved for default judgment.

WHEREFORE, it is hereby ordered, adjudged, and decreed that,

A.  Plaintiff's motion for default judgment is GRANTED;

B.  Defendants, FTEI and Mario E. Medina, are herby enjoined from violating the provisions of Title I of ERISA;

C.  Defendants, FTEI and Mario E. Medina, are herby permanently enjoined from acting as fiduciaries, trustees, agents, or representatives in any capacity to any employee benefit plan, as defined by ERISA.

D.  Defendants, FTEI and Mario E. Medina, shall make restitution to the Federal Textile Engravers, Inc., Profit Sharing Plan ("the Plan") in the amount of $13,150.74, with post judgment interest to be assessed against any remaining unpaid balance of such amount, in accordance with 28 U.S.C. § 1961, from the date of this Judgment until paid in full. Defendant Mario E. Medina's participant interest in the Plan, if any, shall be applied as an offset against the amount that is due to the Plan under this Judgment.

E.  Defendants, FTEI and Mario E. Medina, are removed from any position the Defendants hold as named or functional fiduciaries to the Plan.

F.  Larry Lefoldt of Lefoldt & Co., P.A., P.O. Box 2848, Ridgeland, Mississippi 39158-2848, is hereby appointed as the Independent Fiduciary to the Plan and:

    1.  The Independent Fiduciary shall collect,

marshal, and administer all of the Plan's assets, evaluate all claims outstanding against them, pay the assets out to participants and other creditors of the plan; terminate the Plan and take such further actions with respect to the plan as may be appropriate.

The Independent Fiduciary shall have all the rights, duties, and responsibilities of any fiduciary or trustee described under the Plan documents or the applicable law, with respect to the independent fiduciary's duties.

The Independent Fiduciary is authorized to delegate or assign fiduciary duties as appropriate and allowed under the law.

The Independent Fiduciary is authorized to receive reasonable fees and expenses, payable from the assets of the Plan.

Defendants FTEI and Mario Medina shall deliver or otherwise make available to the Independent Fiduciary any information, documents, files or other compilations, wherever and however stored; that are reasonably necessary to perform the duties of Independent Fiduciary.

The Independent Fiduciary is authorized to give instructions respecting the disposition of assets of the Plan.

Defendants FTEI and Mario E. Medina shall be responsible for paying the Independent Fiduciary's fees with

respect to services performed for the Plan by or on behalf of the Independent Fiduciary upon approval of such fees by the Court.

The Independent Fiduciary shall submit (a) a proposed fee schedule and (b) an estimate of the total fees associated with distributing assets and terminating the Plan, to the Court for approval, with copies to all parties to this litigation within 10 days after Judgment is entered. The parties shall have 10 days from service to comment on the proposed fee schedule. The fee schedule and estimate shall be considered approved if no party or the Court objects within that period.

The Independent Fiduciary shall file with the Court with copies to the parties all bills for services to Plan. If no party or the Court objects within 10 days of service, payment shall be made by the Defendant to the Plan, in care of the Independent Fiduciary, within 15 days after notice to the parties is given, with post judgment interest to be assessed against any remaining unpaid balance of such amount, in accordance with 28 U.S.C. § 1961, until paid in full. If any party or the Court objects to any payment, the matter should be resolved by the Court prior to payment.

The Independent Fiduciary in the performance of his duties may retain such assistance as he may require, including attorneys, accountants, actuaries and other providers.

The payment of administrative expenses and all fees to the Independent Fiduciary, his assistants, attorneys, accountants, and other necessary service providers are to be considered priority administrative expenses of the Plan.

The Independent Fiduciary or his agents, employees or representatives may not be held personally responsible for any claims against the Plan which existed, arose, matured or vested prior to the appointment of the successor fiduciary.

The Independent Fiduciary is to comply with all applicable rules and laws.

The Court, finding that there is no just reason to delay the entry of this Judgment, expressly directs the entry thereof as a final order, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

SO ORDERED.    Signed: August 14, 2007

Graham C. Mullen
United States District Judge